IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | Cr. No. 06-00594 SOM (04) |
| | ) | |
| Plaintiff, | ) | ORDER DENYING MOTION FOR |
| | ) | SENTENCING REDUCTION PURSUANT |
| vs. | ) | TO AMENDMENT 782 |
| | ) | |
| | ) | |
| CHRISTOPHER NIU, | ) | |
| | ) | |
| Defendant. | ) | |
| _____ | ) | |

**ORDER DENYING MOTION FOR SENTENCING
REDUCTION PURSUANT TO AMENDMENT 782**

**I.      INTRODUCTION.**

Pursuant to Amendment 782, Defendant Christopher Niu seeks a reduction of his sentence arising out of a drug crime. Because Niu's sentence is already lower than his amended guideline range, he is not entitled to a further reduction of his sentence.  The court therefore denies his motion to reduce sentence.

**II.     BACKGROUND.**

On October 9, 2007, Niu pled guilty to a drug conspiracy crime pursuant to a Memorandum of Plea Agreement. See ECF Nos. 166, 167.  Specifically, Niu pled guilty to Count 1 of the Second Superseding Indictment, which charged him with conspiracy to distribute and possess with intent to distribute 50 grams or more of methamphetamine, its salts, isomers and salts of its isomers.  In the Memorandum of Plea Agreement, Niu agreed

that he was responsible for conspiring to distribute 3,494.2 grams of actual methamphetamine. See ECF No. 167, PageID # 500-01.

In preparation for Niu's sentencing, the United States Probation Office for the District of Hawaii prepared a Presentence Investigation Report. See ECF No. 235, PageID #s 694-726. This court adopted the Presentence Investigation Report without change. See Statement of Reasons, ECF No. 235, PageID # 738; see also Minutes of Sentencing Proceeding, ECF No. 199.

Niu was sentenced to 225 months imprisonment, 5 years of supervised release, and a $100 monetary penalty. See Judgment, ECF No. 202. This sentence was below Niu's advisory guideline range. To determine that range, the court used the United States Sentencing Commission Guidelines Manual effective November 1, 2007. Based on 3,492.2 grams of actual methamphetamine, Niu's base offense level was 38 according to U.S.S.G. § 2D1.1. Niu received a 4-level increase pursuant to U.S.S.G. § 3B1.1(a) because he was an organizer or leader of a criminal activity that involved five or more participants or was otherwise extensive. Niu received a two-level decrease for demonstrating an acceptance of responsibility and a one-level decrease for notifying the Government of his intention to enter a guilty plea in a timely manner pursuant to U.S.S.G. §§ 3E1.1(a) and (b). This gave Niu a total offense level of 39. Because Niu

had a criminal history category of II, his advisory guideline range was 292 to 365 months imprisonment.  See ECF No. 235, PageID #s 705-09.

**III.    ANALYSIS.**

On December 7, 2015, Niu moved for a reduction of his sentence pursuant to Amendment 782.  That motion is denied.  See ECF No. 231.

This court may not normally alter a term of imprisonment after it has been imposed.  See United States v. Ornelas, -- F.3d --, 2016 WL 3126272 (9th Cir. June 3, 2016).  However, under 18 U.S.C. § 3582(c)(2), this court is authorized to modify a prison sentence when a sentencing range has subsequently been lowered by the Sentencing Commission.  See also United States v. Dunn, 728 F.3d 1151, 1155 (9th Cir. 2013) ("Section 3582(c)(2) authorizes district courts to modify an imposed sentence 'in the case of a defendant who has been sentenced to a term of imprisonment based on a sentencing range that has subsequently been lowered by the Sentencing Commission.'" (quoting 18 U.S.C. § 3582(c)(2)); U.S.S.G. § 1B1.10(a)(1) ("In a case in which a defendant is serving a term of imprisonment, and the guideline range applicable to that defendant has subsequently been lowered as a result of an amendment to the Guidelines Manual listed in subsection (d) below, the court may reduce the defendant's term of imprisonment

as provided by 18 U.S.C. 3582(c)(2). As required by 18 U.S.C. 3582(c)(2), any such reduction in the defendant's term of imprisonment shall be consistent with this policy statement.").

The United States Supreme Court has interpreted 18 U.S.C. § 3582(c)(2) as establishing a two-step inquiry. First, the court determines whether a defendant is eligible for a sentence reduction based on a guideline that has been lowered by the Sentencing Commission after the date the defendant was sentenced. Second, the court considers whether a reduction is warranted pursuant to the sentencing factors set forth in 18 U.S.C. § 3553(a). Dillon, 560 U.S. at 826-28. Niu is not eligible for a sentence reduction under Dillon's first step. This court therefore does not reach the second step of the inquiry.

On November 1, 2014, Amendment 782 to the United States Sentencing Guidelines became effective, lowering the base level offense for certain drug crimes listed in U.S.S.G. § 2D1.1 by two levels. See United States v. Navarro, 800 F.3d 1104, 1107 (9th Cir. 2015); United States v. Taylor, 778 F.3d 667, 672 (7th Cir. 2015). The Sentencing Commission provided that Amendment 782 would apply retroactively to previously sentenced defendants. U.S.S.G. §§ 1B1.10(d), (e)(1).

Under Amendment 782, Niu's amended base level offense would be a level 36, rather than the level 38 at the time of his

sentencing.  Compare U.S.S.G. § 2D1.1 (effective November 1, 2015) with U.S.S.G. § 2D1.1 (effective November 1, 2007). Lowering Niu's base level offense by two levels would correspondingly result in the lowering of his total offense level by two levels, giving him an amended total offense level of 37 and a criminal history category of II.  Niu's applicable amended advisory guideline range would be 235 to 293 months imprisonment.

Because Niu's 225-month sentence is below the amended guideline range of 235 to 293 months, and because Niu did not receive a lower sentence pursuant to a Government motion for substantial assistance, the court may not reduce Niu's sentence further.  U.S.S.G. § 1B1.10(b)(2) (except when substantial assistance is applicable, "the court shall not reduce the defendant's term of imprisonment under 18 U.S.C. 3582(c)(2) and this policy statement to a term that is less than the minimum of the amended guideline range"); Ornelas, -- F.3d --, 2016 WL 3126272 ("if the defendant's term of imprisonment is less than the minimum of the amended guideline range, then the defendant is ineligible for a sentence reduction"); United States v. Davis, 739 F.3d 1222, 1224-25 (9th Cir. 2014) (affirming district court's denial of motion to reduce sentence that relied on U.S.S.G. § 1B1.10(b)(2) to hold that court may not reduce sentence when defendant had received below guideline sentence); United States v. Viela, 2016 WL 316780, at *2 (D. Haw. Jan. 25,

2016) (denying motion to reduce sentence pursuant to Amendment 782 because defendant was serving sentence less than his amended guideline range).

**IV.    CONCLUSION.**

The court denies Niu's motion to reduce his sentence. A reduction would contravene U.S.S.G. § 1B1.10(b)(2) because the sentence imposed on Niu is lower than his amended guideline range.

IT IS SO ORDERED.

DATED: Honolulu, Hawaii, June 6, 2016.



/s/ Susan Oki Mollway
Susan Oki Mollway
United States District Judge

United States of America v. Niu, Crim. No. 06-00594 SOM (04); ORDER DENYING MOTION FOR SENTENCING REDUCTION PURSUANT TO AMENDMENT 782