IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | CR. NO. 06-00594 |
| ) | |
| Plaintiff, ) | ORDER GRANTING REQUEST |
| ) | FOR EXTENSION OF TIME IN |
| vs. ) | WHICH TO APPEAL |
| ) | |
| CHRISTOPHER NIU, (04) ) | |
| ) | |
| Defendant. ) | |
| ) | |

**ORDER GRANTING REQUEST FOR
EXTENSION OF TIME IN WHICH TO APPEAL**

Defendant Christopher Niu, who is incarcerated at FCI Terminal Island in San Pedro, California, has filed a motion asking this court to extend the time in which to appeal from this court's Order Denying Motion for Sentencing Reduction Pursuant to Amendment 782. That Order was filed on June 6, 2016. Rule 4(b)(1) of the Federal Rules of Criminal Procedure states that a notice of appeal in a criminal case "must be filed in the district court within 14 days after . . . the entry of . . . the order being appealed." Niu's Notice of Appeal was filed in this court on July 7, 2016, which was more than 14 days after entry of the Order. However, notwithstanding the delay in this court's receipt of the Notice of Appeal, Niu appears to have placed his Notice of Appeal in an envelope properly addressed to this court well within the 14-day appeal period. His Notice of Appeal

was therefore timely submitted even without an extension of the appeal time. Only to eliminate any question in that regard, this court, in light of directions from the Ninth Circuit concerning Niu's Notice of Appeal, finds good cause to extend the appeal time by 30 days and therefore grants Niu's motion seeking an extension. Niu's new deadline for filing his Notice of Appeal is July 20, 2016. At this time, he need not file anything more, having already filed a Notice of Appeal on July 7, 2016, before the newly extended deadline.

As Niu explains in his extension motion, he received this court's June 6 Order on the evening of June 14, 2016. His declaration, which is attached to his motion, states, "On June 17, 2016, two (2) days after receipt of the Order, Mr. Niu deposited the Notice of Appeal in the prison's mail box, under the belief that it was timely pursuant to the Prison Mail Box Rule." Niu is correct that courts treat the date of placement in the prison mail system as the date of filing. Rule 4(c)(1) of the Federal Rules of Criminal Procedure provides, "If an inmate files a notice of appeal in either a civil or a criminal case, the notice is timely if it is deposited in the institution's internal mail system on or before the last day for filing and . . . it is accompanied by . . . a declaration . . . setting out the date of deposit and stating that first-class postage is being prepaid." Niu's Notice of Appeal was accompanied by a declaration stating that it was placed in the prison mail system

on June 17, 2016, postage prepaid. This court's electronic case file ("ECF") includes a copy of the envelope in which the Notice of Appeal was sent. That envelope is correctly addressed to: "Clerk of the Court, United States District Court, District of Hawaii, Prince Kuhio Federal Building, 300 Ala Moana Boulevard, Room C-338, Honolulu, Hawaii 96850-0001." See ECF No. 241-1, Page ID # 765. Thus, Niu's Notice of Appeal was timely sent to this court. (In reaching this conclusion, this court is relying on this court's files and Niu's declaration, not on the conflicting dates included in the memorandum he has submitted. The memorandum mistakenly refers to a mailing date of July 17, rather than June 17. That this is an inadvertent error is clear from the remainder of the memorandum, which refers to Niu's receipt "[o]n or about July 13th or 14th, 2016," of a file-stamped copy of the Notice of Appeal bearing the date of July 7, 2016.)

On July 29, 2016, the Ninth Circuit remanded this case to this court "for the limited purpose of permitting the district court to provide appellant notice and an opportunity to request that the time for filing the notice of appeal be extended, for a period not to exceed 30 days from the expiration of the time prescribed by Rule 4(b), upon a finding of excusable neglect or good cause." The Ninth Circuit recognized that Niu had deposited his Notice of Appeal in the prison

mail system on June 17, 2016, but noted that the certificate of service stated that the Notice of Appeal was being served on the United States Attorney's Office. The Ninth Circuit appears to have concluded that the Notice of Appeal was sent only to the United States Attorney's Office. However, this court received the Notice of Appeal in an envelope bearing this court's address. That envelope appears to have reached this court directly from Niu, not via any forwarding of mail by the United States Attorney's Office. Niu appears to have been using the certificate of service to show satisfaction of not only the requirement in Rule 4(c)(1) of the Federal Rules of Criminal Procedure that a pro se prisoner's filing include a declaration stating a document's date of placement in the prison mail system, but also the requirement in Rule 49 of the Federal Rules of Criminal Procedure that papers be served on other parties. Thus, the reference in the certificate of service to the United States Attorney's Office does not appear to have been intended to exclude the mailing of the original to this court. In any event, Niu did send his Notice of Appeal to this court. It simply did not get to this court until July 7, 2016.

Niu's motion summarizes his understanding of the operation of the prison mail room. He reports that "oftentimes the mail is not picked up; left in the box, or lost or misplaced." Indeed, it does appear that his Notice of Appeal was

lost or misplaced.  The envelope bears a handwritten notation that states "Found in box" followed by the words "lost mail."  It bears a Los Angeles postmark of July 5, 2016, more than 2 weeks after Niu says he placed it in the prison mail system.  Thus, even if Niu's Notice of Appeal had not been timely placed in the prison mail system, he has shown good cause for an extension, which this court now grants.

The Clerk of Court is directed to serve this order on the United States Attorney's Office and on Niu, Reg. No. 90229-111, Federal Correctional Institution Terminal Island, P.O. Box 3007, San Pedro, CA 90731.  The Clerk is also directed to send a copy of this order to the Ninth Circuit, Attention: Appellate Commissioner Peter L. Shaw, to be filed in Appeal No. 16-10305.

IT IS APPROVED AND SO ORDERED.

DATED: Honolulu, Hawaii, August 17, 2016.



/s/ Susan Oki Mollway
Susan Oki Mollway
United States District Judge

United States of America v. Christopher Niu; Cr. No. 06-00594, ORDER GRANTING REQUEST FOR EXTENSION OF TIME IN WHICH TO APPEAL